# Mountain City Water Company of Frackville, Appellant, *v.* Harleigh-Brookwood Coal Company.

*Contracts—Construction—Intention.*

In an action on a contract between a water company and a coal company it appeared that the water company, the plaintiff, had agreed to supply defendant with water for a period of ten years, plaintiff to furnish defendant 250,000 gallons of water per day, at five cents per thousand gallons, provided there should be that much surplus after the residents of a certain town had been supplied. The contract further provided that if the quantity of water furnished at a stipulated rate during the continuance of the contract should not amount to $900 or more the defendant should nevertheless pay to the plaintiff the sum of $900 for each and

every year in which the quantity of water furnished did not equal or exceed said sum. Thereafter the contract was amended so as to require defendant to pay an increased rate per thousand gallons for all water "which we take from you" in excess of 60,-000 gallons per day. Defendant had in each year used and paid for more water than was represented by the minimum rental. Plaintiff contended that defendant was required to accept 250,-000 gallons of water per day during the life of the contract and claimed the contract price of 250,000 gallons per day until the expiration of the contract. *Held,* the lower court properly decided that defendant's obligation to receive water was measured by the minimum rental of $900 per year and entered judgment for defendant.

Argued Feb. 13, 1917. Appeal, No. 24, Jan. T., 1917, by plaintiff, from judgment of C. P. Schuylkill Co., Sept. T., 1916, No. 406, for defendant in case of Mountain City Water Company of Frackville v. Harleigh-Brookwood Coal Company. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a contract.

Defendant filed an affidavit of defense which was in effect a demurrer to the statement of claim.

BECHTEL, P. J., filed the following opinion:

This case comes before us on plaintiff's declaration and defendant's affidavit of defense, raising the question of law that the statement of claim is insufficient to sustain the claim made by plaintiff. The controversy arises out of a contract entered into between the plaintiff and the defendant on the 24th of April, 1912, wherein and whereby the plaintiff claims that the defendant was bound to receive from him two hundred and fifty thousand gallons of water a day at five cents per thousand gallons. This contract was to run for a period of ten years and continued as originally drawn until the 13th of May, 1915, at which time a correspondence began between plaintiff and defendant, as the result of which, it was agreed that the defendant would pay to the plaintiff ten cents per thousand gallons, for all water used

over sixty thousand gallons per day; all the other terms and conditions of the contract to remain unchanged.

This amendment went into effect as of date of June 1, 1915. The plaintiff's declaration sets forth that on December 28, 1915, it was capable of supplying the defendant company with a daily supply of two hundred and fifty thousand gallons of water, and on that date gave notice to the defendant company of its readiness and willingness to supply the said quantity of water.

The contract contains the further proviso that if the quantity of water furnished at the meter shall not in any one year, during the continuance of this contract at the rate of five cents per one thousand gallons, amount to nine hundred dollars ($900) or more, the said party of the second part shall nevertheless pay to the said party of the first part the sum of nine hundred dollars ($900) for each and every year in which the quantity of water furnished shall not equal or exceed the said sum of nine hundred dollars ($900).

The prior obligation of the plaintiff company to furnish the residents of Frackville with water is also recognized in the contract, there being a proviso contained therein that the water to be furnished to the defendant company shall only be furnished in the event of there being sufficient left after this prior obligation of the plaintiff has been discharged, and that in the event that there is no water left for the defendant, the plaintiff shall not be held liable in damages therefor.

This suit is brought to recover the sum of forty-five thousand, nine hundred and eighty-five dollars and thirty-three cents ($45,985.33) which is based on the calculation of a consumption of two hundred and fifty thousand gallons of water per day from January 1, 1916, to April 24, 1922. The case turns on the question of whether or not the defendant is obligated by the contract and the correspondence which later on amended it to receive from the plaintiff two hundred and fifty thousand gallons of water per day.

It will be noted that nowhere in the contract or the correspondence is there any clause which obliges the defendant specifically to receive that amount of water, in fact, the plaintiff is not obligated to furnish that amount of water unless there be that much surplus after his prior obligations have been discharged. There is no dispute of the fact that prior to January 1, 1916, defendant was receiving approximately one hundred and twenty thousand gallons of water per day, which was all the plaintiff could furnish. Plaintiff contends that it was compelled to entail considerable expense in increasing its water supply in order to comply with the demands of the defendant for the furnishing of two hundred and fifty thousand gallons of water per day, and that therefore defendant should be obliged to receive it and pay for it. We cannot agree with this contention because the correspondence discloses the fact that the plaintiff wished to raise not only its rate of water, but also the minimum rental which it sought to increase from nine hundred dollars ($900) to thirty-six hundred dollars ($3,600) per year. Defendant refused to agree to this proposition and in the letter of May 27, 1915, which was accepted by plaintiff and formed the basis of the amended contract appears this sentence: "Our view is that we have an existing contract with you, but one with which you are not satisfied." This letter makes the proposition that defendant will pay ten cents per thousand gallons for all water "Which We Take From You" in excess of sixty thousand gallons per day.

It seems to us too plain for argument that defendant agreed to the increased rate for its water (nearly double what it had been paying before) in order to have plaintiff increase its supply and that plaintiff did increase its supply in consideration of this concession made by the defendant. It certainly would not appear just to construe this contract as compelling defendant to receive two hundred and fifty thousand gallons of water per day when there is nothing contained therein compelling

plaintiff to furnish that amount. It seems to us that it was intended by the parties and was expressed in the contract that the amount which the defendant was obligated to receive was to be measured by the minimum rental, to wit: nine hundred dollars ($900) per year, and our conclusion in this respect is strengthened by reason of the fact that plaintiff attempted to increase this amount to thirty-six hundred dollars ($3,600). What was the object of this minimum rental proposition if it was not to guarantee to the plaintiff the consumption of the water represented by it.

In addition to this, plaintiff has brought suit against the defendant for the sum of two hundred and fifty thousand gallons of water per day to April 24, 1922. Whether or not plaintiff can furnish this water is problematical. It says itself that the demands upon its water supply are constantly increasing by those who have the first claim upon it and it certainly does not seem to us just to compel the defendants to pay for water which it has no guarantee whatever shall be delivered to it. In addition to this, the amended contract as contained in the letter as hereinbefore quoted simply obligates the defendant to pay ten cents per thousand gallons for all water which "It Takes" in excess of sixty thousand gallons per day. To construe the contract as contended for by the plaintiff would be to require the writing into it of a provision which it does not contain, in addition to which we do not think the obligations would be mutual.

We have, therefore, reached the conclusion that the plaintiff's declaration filed in this case is insufficient in law to sustain the claim therein alleged, and have therefore, entered the decree heretofore filed in this case.

The court entered judgment for defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*C. E. Berger,* and *James W. Shull,* for appellant.

*H. S. Drinker, Jr.,* with him *P. C. Madeira, Jr.,* and *M. M. Burke,* for appellee.


PER CURIAM, March 23, 1917:

The judgment in this case is affirmed on the opinion of the learned court below directing it to be entered.

Judgment affirmed.